OPINION
Stephen Brown, Appellant, appeals a decision by the Court of Common Pleas for Marion County, Juvenile Division, to allocate child support for his two minor children. Appellant asserts that the allocation permits an unequal distribution of support between the two children. Based on the following, we reverse and remand the trial court's decision.
On September 27, 1986, two children, Wesley Brown and Tasha Brown, were born into the marriage of Brenda Key and Appellant, Stephen Brown. Subsequently, the couple was divorced and custody of the children was granted to Brenda Key. Thereafter, on June 27, 1999, Mr. Brown was granted custody of his son, Wesley Brown. On May 2, 2000, Appellees, Marilyn and Gary Chiles, the children's maternal grandparents, were granted custody of Tasha Brown.
When the custody determination was established, the issue of child support remained to be decided. Motions regarding child support were filed by the guardian ad litem appointed in the case, the appellees, and Mr. Brown; all including various computations as to the proper calculation of child support. On February 5, 2001, the trial court heard these motions and thereafter, entered judgment determining that both Mr. Brown and Ms. Key should pay the sum of $333.00 per month to the appellees for the care of Tasha Brown. Furthermore, Ms. Key was ordered to pay Mr. Brown $333.00 per month for the care of Wesley Brown. Notably, the trial court failed to include a child support computation worksheet with its judgment entry, and the decision failed to include any findings of fact or other explanation as to how the court calculated the child support.
From this decision, Mr. Brown appealed his support order for the care of Tasha Brown and asserts the following sole assignment of error.
 Assignment of Error I The trial court abused its discretion in calculating the Defendant-Appellant's obligation of child support for the minor child in the maternal grandparents' custody when the Defendant-Appellant was supporting a child from the same union. Child support as imposed herein violates the constitutional guarantees of equal protection of the law.
 Upon review of a child support determination, appellate courts are not permitted to reverse a trial court absent an abuse of discretion.[1] An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable, which is something more than a mere error of law or judgment.[2]
Absent an abuse of discretion, the trial court's judgment will not be disturbed on appeal.[3]
In actions where a trial court orders child support, the trial court is required to determine the amount of the obligor's support obligation pursuant to the basic child support schedule and guidelines set forth in R.C. 3113.215(D), (E), and (F).[4] Child support calculated in accordance with these guidelines represents the amount of child support due and creates a rebuttable presumption that the figures are correct.[5]
Trial courts are prohibited from deviating from amounts calculated using the statutory guidelines, unless the court considers the factors listed in R.C. 3113.215(B)(3)(a) through (p) and determines that such an amount "would be unjust or inappropriate and would not be in the best interest of the child."[6] Additionally, trial courts must provide the
 amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * [and] its determination that that amount would be unjust or inappropriate and would not be in the best interests of the child, and findings of fact supporting that determination.[7]
 The statute only contemplates two situations within the imposed guidelines for calculating child support; that being either a shared parenting situation or a circumstance where one parent is deemed the sole residential parent and legal custodian of all the children who are subject to the child support order.[8]
In this case, the maternal grandparents have custody of one child and the children's father has custody of the other; therefore, neither of the scenarios contemplated in the statute for awarding child support squarely fits the facts herein.
Taking this into account, the trial court had a sufficient basis for deviating from the statutorily imposed guidelines pursuant to R.C.3113.215(B)(3)(p), which states in pertinent part:
 The court * * * may deviate from the amount of support that otherwise would result from the use of the schedule and applicable worksheet * * * in cases in which the application of the schedule and the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child. In determining whether that amount would be unjust or inappropriate and would not be in the best interest of the child, the court may consider * * *
* * *
(p) Any * * * relevant factor.
 The relevant factor, in this case, is that the facts herein do not fit within either of the situations anticipated by the legislature upon drafting the guidelines imposed by R.C. 3113.215(E), (F).
While trial courts may deviate from the schedule and worksheets provided in R.C. 3113.215(D), (E), and (F), the trial court is obligated to journalize why a deviation was proper pursuant to R.C.3113.215(B)(2)(c)(ii). The statute clearly requires a trial court to document its reasons for any deviation, including why an amount calculated pursuant to the guidelines would be inappropriate by including findings of fact supporting its determination of child support. Without such findings, an appellate court has no basis for review.
For these reasons, we find that the trial court abused its discretion when it failed to document its justification for the child support determination rendered in this case.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is reversed, and the matter is remanded for further proceedings in accordance with this opinion.
BRYANT and HADLEY, J.J., concur.
[1] Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219
[3] Id. at 218
[4] R.C. 3113.215(B)(1); Paton v. Paton (2001), 91 Ohio St.3d 94,96
[5] Id.
[6] R.C. 3113.215(B)(2)(c)(i); Paton v. Paton,91 Ohio St.3d at 96
[7] R.C. 3113.215(B)(2)(c)(ii)
[8] R.C. 3113.215(E), (F)